IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kimberly Massung, et al.,                      Case No. 3:13CV02664

       Plaintiffs

       v.                                                      **ORDER**

Cracker Barrel Old Country Store, Inc.,

       Defendant

This is a breach of contract and age discrimination case brought under O.R.C. § 4112.14. Plaintiffs Kimberly Massung, Maria Ribas, Melanie Shepard, Glenn LaLonde, and Jason Mominee allege that defendant Cracker Barrel Old Country Store, Inc., (Cracker Barrel) reduced their scheduled work hours because of their age. Plaintiffs LaLonde and Mominee also claim defendant terminated their health insurance due to their age.

Jurisdiction exists under 28 U.S.C. § 1332.

Pending is defendant's motion for summary judgment. (Doc. 25).

For the following reasons, I grant the motion.

**Background**

Defendant employed plaintiffs Massung, Ribas, Shepard, LaLonde, and Mominee at its restaurant in Perrysburg, Ohio, in varying intervals, from 1995 to the present.

At all times, plaintiffs were at-will employees and defendant never guaranteed that they would receive a certain number of weekly work hours. Instead, defendant determined work hours based on plaintiffs' availability; whether they wanted to work; whether they were late, left early,

or failed to come to work; the weather; family matters; and the number of employees on staff at that time.

Plaintiffs' work hours, as a result, varied from week to week. Eventually, reduction in Mominee's and LaLonde's work hours made them ineligible for defendant's healthcare benefits.

Plaintiffs acknowledge they have no direct evidence that defendant made its hour assignments on the basis of age or has an age-based policy to do so.

## Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure entitles a party to summary judgment where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant must first show the absence of a genuine issue of material fact. *Id.* at 323.

Once the movant meets that initial burden, the burden shifts "to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

In deciding a motion for summary judgment, I accept the non-movant's evidence as true and construe all evidence in the non-movant's favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc*., 504 U.S. 451, 456 (1992).

## Discussion

Plaintiffs' age discrimination claims, brought solely under O.R.C. § 4112.14, fail because they have not demonstrated defendant discriminated against them in connection with a "job opening" or "discharge" from employment. O.R.C. § 4112.14 ("No employer shall discriminate in

any job opening against any applicant or discharge any applicant aged forty or older…"); *Morris v. Kaiser*, 14 Ohio St.3d 45, 48 (1984) (declaring that O.R.C. § 4112.14 "applies only to employers who discriminate in any job opening or discharge of an individual between the ages of forty and seventy without just cause.").

Though § 4112.14 covers only hiring and firing situations, plaintiffs seek to expand its limited scope to cover scheduling work hours and terminating health benefits. That being so, plaintiffs have no viable § 4112.14 claim.[1]

Plaintiffs, likewise, cannot succeed on their breach of contract claim because there was never a contract. *V&M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2014) (A breach of contract claim under Ohio law requires plaintiffs to show: 1) the existence of a contract; 2) performance by the plaintiff; 3) breach by the defendant; and 4) damage or loss as a result of the breach).

Plaintiffs cannot establish these elements. Throughout their employment, each plaintiff was an at-will employee: under Ohio law, at-will employment does not create contractual obligations between the employee and employer. *See, eg., Morr v. Kamco Indus., Inc.*, 548 F. Supp. 2d 472, 483, (N.D. Ohio 2008) (citing *Clark v. Collins Bus Corp.,* 136 Ohio App.3d 448, 452 (2000) ("In an at-will employment relationship, either employer or employee may terminate that relationship for any reason that is not contrary to law."); *DePrisco v. Delta Air Lines, Inc.,* 90 F. App'x 790, 796 (6th

---

[1] Plaintiffs' claims also fail on the merits because their subjective belief that younger employees were favored in scheduling, without more in the way of evidence, fails to support an age discrimination claim. *Hedrick v. W. Reserve Care Sys*. 355 F.3d 444, 462 (6th Cir. 2004); *see also, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Plaintiffs unawareness of any policy differentiating between employees on the basis of age and the complete lack of any age-related comments, coupled with the lack of objective evidence to support their claim of differential hours by age fails to show a *prima facie* case of age discrimination. Plaintiffs may "know" what they know, but they must go beyond their subjective experiences and impressions to present sufficient proof of differential treatment of younger employees to overcome defendant's motion for summary judgment..

Cir.2004) (holding that summary judgment was proper on employee's breach of contract claim where human resources manual established that employment was at will)).

## Conclusion

For the reasons set forth above, it is

ORDERED THAT: defendants' motion for summary judgment (Doc. 25) be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge
